**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DAQUAN BROWN, | Case No. 1:24-cv-316 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| CINCINNATI POLICE DEPARTMENT, et al., | |
| Defendants. | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On June 7, 2024, Plaintiff DaQuan Brown,[1] proceeding pro se, filed an application seeking to initiate the above-captioned case *in forma pauperis*, or without payment of a filing fee. On July 8, 2024, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On the same date, the undersigned filed a Report and Recommendation ("R&R") permitting claims against Defendants Wermuth, Ward, Pect and Esser to proceed for further development, with claims against all other Defendants to be dismissed for failure to state a claim. (Doc. 4).

Plaintiff filed no timely objections to that R&R, which remains pending before the presiding district judge. Instead, Plaintiff filed an Amended Complaint on July 30, 2024. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Therefore, Plaintiff's Amended Complaint was filed as of right. But because the Amended Complaint is now the operative pleading,

---

[1] The prior R&R mistakenly referred to Plaintiff with feminine pronouns. In the Amended Complaint, Plaintiff clarifies that he is male.

this Supplemental R&R must be issued in order to properly screen the newly Amended Complaint.

 I.     **The Screening Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d

2

at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II. **Plaintiff's Amended Complaint**

Plaintiff's Amended Complaint largely reiterates and seeks to clarify the claims against the four Defendants against whom he was previously permitted to proceed. (*See generally*, Doc. 4, permitting claims against Defendants Wermuth, Ward, Pect and Esser). However, the Amended Complaint omits all allegations against the following Defendants: Jacob Hicks; Jeffrey Wicezorkowski; Michael Miller; P361; Douglas White; Arron Roach; Justin Gottman; and Millenium Towing. Based on Plaintiff's omission in his amended Complaint of all claims against those Defendants, the undersigned finds no need to

3

further explain why Plaintiff's original allegations were insufficient to state any claim against them. Instead, as correctly noted on the docket sheet by the Clerk of Court, those eight Defendants have been voluntarily dismissed by Plaintiff through the filing of the Amended Complaint.

Consistent with the original complaint, Plaintiff's Amended Complaint identifies the basis for federal jurisdiction as 42 U.S.C. § 1983. Also similar to his original complaint, Plaintiff states that he seeks injunctive, declaratory and monetary relief, including "fil[ing] charges" for violations of Ohio law "against officers involved," and granting "punitive damage[s]." (Doc. 6, PageID 149). Plaintiff's Amended Complaint omits prior allegations that bordered on the "fantastic or delusional," and therefore is much shorter than his original pleading. As amended, the complaint now consists of a 4-page complaint form and a 15-page attachment that contains 95 numbered allegations, followed by an unnumbered state law claim for the intentional infliction of emotional distress.

Briefly, Plaintiff alleges that he was unlawfully and physically pulled out of his brother's apartment by Defendant Police Officer Christopher Wermuth during an incident that occurred on January 8, 2024. Defendant Officers Emily Ward and Dustin Pect were also at the scene. Plaintiff alleges that he previously filed a use-of-force complaint against all three officers for their conduct during that incident with the Cincinnati Police Department. (Doc. 6, ¶70, PageID 159). Several months later, on May 10, 2024, Plaintiff alleges that the Cincinnati Police Department "assisted Millennium Towing with towing the Plaintiff and his brother['s] food truck away," and that while doing so, Defendant Sergeant Elsa Esser "unlawfully, repeatedly pushed the Plaintiff as the Plaintiff began walking backwards." (Doc. 6, ¶ 68). Plaintiff alleges that he also filed a use-of-force

4

complaint against Defendant Esser with the Police Department. (*Id.*, ¶ 71).

Plaintiff's original complaint identified the "Cincinnati Police Department District 3" as a Defendant. In his Amended Complaint, Plaintiff omits or dismisses the Cincinnati Police Department, while adding the "City of Cincinnati" as a new Defendant.[2]

Plaintiff alleges that "all actions taken by officers were the direct and proximate result of the failure of the City of Cincinnati to properly train members of the Cincinnati Police Department, including officers." (*Id.*, ¶4, PageID 151). He further alleges that "Defendants['] pattern, practice and customs alleged in this complaint have violated rights granted to plaintiff by 42 U.S.C. 1983 and the equal protection clause…." (*Id.*, ¶5). And he alleges that the Defendant City and individual Defendants Johnston and Sprague exhibited "deliberate indifference" when they

> directly and proximately caused the CPD policy, practice and/or custom of use of force in violation of the first and fourteenth Amendment by devising, implementing, enforcing, adopting, sanctioning and ratifying a policy, practice and/or custom of (a) failing to properly screen, train, and supervise CPD officers (B) failing to adequately monitor and discipline the CPD and its officers; and (c) encouraging, sanctioning and failing to rectify the CPD constitutional abuse.

(Doc. 6, ¶7, PageID 151). Plaintiff further alleges that the City, Sprague and Johnston "failed to properly and adequately monitor, discipline and take necessary corrective action against CPD officers," and that "knowing…such omissions," the same three Defendants "acted recklessly and with deliberate indifference to the constitutional rights of the Plaintiff and those who would come into contact with the CPD." (*Id.*, ¶¶ 8-9).

Plaintiff generally alleges that the City "possessed final policy making, authority and training for the CPD." (*Id.*, ¶ 15). He alleges that Defendant Johnston "is and was at

---

[2] Despite the omission, the Clerk of Court has not yet terminated the Cincinnati Police Department on the docket sheet, nor does the docket sheet reflect the addition of the City of Cincinnati.

5

all times relevant herein, the Police Commander for the CPD and is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the CPD including the officers named herein." (*Id.*, ¶ 16). Plaintiff alleges that Defendant Sprague "is and was at all times relevant herein, a lieutenant, actin[g] as Internal Section for the City of Cincinnati, operating under the color of state law." (*Id.*, ¶22). Plaintiff further alleges that on July 16, 2024, Defendant Sprague "with the internal section responded to the Plaintiff['s] complaint filed on January 8, 2024," and "deemed that the CPD Officer action complied with Department policies and procedure." (*Id.*, ¶72, PageID 159). Plaintiff suggests that Defendant Sprague based his investigative decision on an "untrue" fact reported in the CPD incident report. (*Id.*, ¶ 73).

### III. Analysis

"To state a viable claim under 42 U.S.C. § 1983, a plaintiff 'must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Smith v. Detroit Entertainment L.L.C.*, 338 F.Supp.2d 775, 778 (E.D. Mich. 2004) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992)). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned again concludes, *in an abundance of caution*, that Plaintiff's claims against Defendants Elsa, Wermuth, Ward and Pect are deserving of further development.

By contrast, Plaintiff's amended complaint falls short when it comes to specific factual allegations against newly added Defendants Sprague and Johnston, as well as his new allegations against the City of Cincinnati.

6

As stated, Plaintiff's original complaint identified the Cincinnati Police Department rather than the City of Cincinnati itself as a Defendant. But the undersigned explained in the prior R&R that the Cincinnati Police Department is "a mere arm of the City" and "not its own entity" and is therefore "not capable of being sued." *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D. Ohio 2003); *see also Rhodes v. McDaniel*, 945 F.2d 117, 12 (6th Cir. 1991) (Police Departments are part of a larger political subdivision and cannot be sued).

In his new Amended Complaint, Plaintiff has taken that instruction. Thus, his Amended Complain omits the Cincinnati Police Department as a Defendant and adds in its place the "City of Cincinnati." The omission of the Cincinnati Police Department amounts to a voluntary dismissal of that entity – which, as noted, is not *sui juris* in any event.

But Plaintiff's addition of the City of Cincinnati as a new Defendant in place of the Police Department is not sufficient to state any cognizable claim under 42 U.S.C. § 1983. While the City of Cincinnati is a governmental entity that could theoretically act under color of state law, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir.1989).

Here, all allegations against the City are entirely conclusory. Plaintiff repeatedly alleges some type of vague "failure to train" by the City without identifying <u>any specific policy or custom</u> by the City that caused his alleged injuries. (*See*, *e.g.*, Doc. 6 at ¶¶ 4, 5, 7, 15, referring to an undefined "policy, practice and/or custom."). This Court will not infer

7

allegations that are not pleaded. *Accord Stump v. City of Mount Vernon*, 2019 WL 176325, at *2 (S.D. Ohio Jan. 11, 2019) (dismissing on initial screening complaint where plaintiff failed to allege that any official policy or custom resulted in the violation of his constitutional rights). Plaintiff's conclusory assertions are precisely the type of legal conclusions couched as factual allegations that do not pass muster under *Twombly* or *Iqbal*. "A mere conclusory allegation that a municipality employs an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient." *Finnell v. Eppans*, No. 1:20-cv-337-MRB-SKB, 2020 WL 3548200, at *3 (S.D. Ohio June 15, 2020) (quoting *Hargrow v. Shelby Cty., Tenn.*, No. 13-2770, 2014 WL 3891811, at *4 (W.D. Tenn. Aug. 7, 2014), *report and recommendation adopted at* 2020 WL 3545288 (S.D. Ohio June 30, 2020); *see also, e.g.*, *Rowland v. City of Memphis, Tenn.*, No. 2:13-CV-02040-JPM, 2013 WL 2147457, at *5 (W.D. Tenn. May 15, 2013) (finding the plaintiff's allegations to be conclusory "because they simply assume that an unlawful seizure or disposal of property must be the result of the City's failure to train or the City's policies and procedures."); *Biggin v. Ohio*, No. 3:17-CV-2193, 2019 WL 3500921, at *7 (N.D. Ohio Aug. 1, 2019) ("Plaintiff's conclusory allegations, utterly devoid as they are, of any *factual* underpinning, simply cannot sustain a policy/practice failure to train claim."); *Austin v. City of Cincinnati*, No. 1:15-CV-608, 2015 WL 5680382, at *3 (S.D. Ohio Sept. 25, 2015) (finding "plaintiff's conclusory allegations of an 'implicit or explicit' unidentified policy and of a failure to train and supervisor, without more, fail to state" a plausible claim under § 1983), *report and recommendation adopted*, No. 1:15-CV-608, 2016 WL 1718264 (S.D. Ohio Apr. 28, 2016); *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (finding that "bare allegations of a

custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief."). As plaintiff has failed to state a claim for relief against the City of Cincinnati under § 1983, plaintiff's official capacity claims against all Defendants are also subject to dismissal.

Plaintiff's newly asserted claims against Defendants Sprague and Johnston in their individual capacities fail for the similar reasons. Identifying who harmed the plaintiff and how they did so is a "basic pleading essential" required to state a claim. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Wal-Mart Stores, Inc.*, 507 Fed. Appx. 543, 547 (6th Cir. 2012) (courts "are not required to conjure up allegations not pleaded or guess at the nature of an argument."). "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege...facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). That is, Plaintiff must show that the alleged violation of his constitutional rights "was committed *personally*" by the defendant. *Id*. (emphasis in original); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (persons sued in their individual capacities under § 1983 are liable only for their own unconstitutional behavior) (citations omitted).

Plaintiff's Amended Complaint alleges that Defendants Sprague and Johnston are liable primarily if not exclusively based on the supervisory positions that they occupy with the Cincinnati Police Department.[3] But "respondeat superior" or supervisory liability is not

---

[3] Plaintiff includes an additional allegation against Defendant Sprague, suggesting that he made the wrong call when he determined that officers complied with policy during an investigation of the January 8 incident.

9

cognizable in a § 1983 action. "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Latrell*, 199 F.3d 295, 300 (6th Cir. 1999), quoting *Hays v. Jefferson Cty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Furthermore, simple awareness followed by the failure to act will not impose liability under § 1983: "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee*, 199 F.3d at 300 (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

## IV. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** all claims against all Defendants <u>except for Defendants Wermuth, Ward, Pect and Esser</u> in their individual capacities should be DISMISSED with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

 s/Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

---

But Defendant Sprague's involvement in that investigation – even if based on a fact that Plaintiff alleges was "untrue" – does not subject him to liability because Plaintiff does not allege any causal link between his decision and Plaintiff's injuries. *See Pheap v. City of Knoxville*, 687 F.Supp.3d 807, 818 (E.D. Tenn. 2023) (holding that the failure to establish a clear and consistent pattern of inadequate investigations was fatal to the plaintiff's ratification theory).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DAQUAN BROWN, | Case No. 1:24-cv-316 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| CINCINNATI POLICE DEPARTMENT, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).