**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAQUAN BROWN,                                      Case No. 1:24-cv-316

      Plaintiff,                                McFarland, J.
                                                     Bowman, M.J.

   v.

CINCINNATI POLICE DEPARTMENT, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

On June 7, 2024, Plaintiff DaQuan Brown, proceeding pro se, filed an application seeking to initiate the above-captioned case *in forma pauperis*, or without payment of a filing fee. On July 8, 2024, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a handful of claims against four individual Defendants were permitted to proceed "in an abundance of caution." (Doc. 4, PageID 135). On August 6, 2024, the undersigned filed a Supplemental Report and Recommendation ("R&R") in order to screen a newly filed amended complaint. (Doc. 8). In the Supplemental R&R, which remains pending before the presiding district judge,[1] the undersigned again recommended the *sua sponte* dismissal of all claims asserted by Plaintiff other than claims against Defendants Wermuth, Ward, Pect and Esser in their individual capacities.

In lieu of filing an answer to the amended complaint, the four individual Defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). After Plaintiff failed to file any timely response, the Court directed Plaintiff to "**SHOW CAUSE**, in writing

---

[1] The undersigned withdrew the original screening R&R in light of the filing of the amended complaint. On August 20, 2024, Plaintiff filed objections to the Supplemental R&R.

on or before **November 15, 2024**, why Defendants' Motion to Dismiss … should not be construed as unopposed and granted for the reasons stated."  Plaintiff again failed to file any timely response. Having again reviewed the now-unopposed motion to dismiss in light of Plaintiff's failure to respond to the "show cause" order, the undersigned finds Defendants' arguments to be well-taken.

Accordingly, in addition to the recommended *sua sponte* dismissal of all other claims against other Defendants set forth in the Supplemental R&R (Doc. 7), **IT IS FURTHER RECOMMENDED THAT** Defendants' motion to dismiss the claims against Defendants Wermuth, Ward, Pect and Esser in their individual capacities (Doc. 13) should be **GRANTED.**  In light of the recommended dismissal of all claims against all Defendants in both the previously filed Supplemental R&R and this R&R, this case should be **CLOSED.**

 s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DAQUAN BROWN, | Case No. 1:24-cv-316 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| CINCINNATI POLICE DEPARTMENT, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).