**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| DAQUAN BROWN, | : | Case No. 1:24-cv-316 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | |
| CINCINNATI POLICE | : | |
| DEPARTMENT, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER ADOPTING REPORTS AND RECOMMENDATIONS (Docs. 7, 16)

---

This matter is before the Court on the Supplemental Report and Recommendation (Doc. 7) and Report and Recommendation (Doc. 16) of United States Magistrate Judge Stephanie K. Bowman. Plaintiff filed objections to the Supplemental Report and Recommendation (Doc. 10). Plaintiff did not file any objections to the Report and Recommendation (Doc. 16), and the time for doing so has expired. *See* Fed. R. Civ. P. 72(b)(2). Thus, this matter is ripe for the Court's review.

On August 6, 2024, the Magistrate Judge recommended that all claims against all Defendants, except for Defendants Christopher Wermuth, Emily Ward, Dustin Pect, and Elsa Esser in their individual capacities, should be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). (Supp. Report and Recommendation, Doc. 7.) In light of the Amended Complaint's vague and conclusory allegations regarding a policy or custom, the Magistrate Judge concluded that the Plaintiff had failed to

sufficiently plead a cognizable 42 U.S.C. § 1983 claim against the City of Cincinnati or the Individual Defendants in their official capacities. (*Id*. at Pg. ID 170-74.)

Plaintiff objects that his Amended Complaint includes "rational and arguable complaints against all defendants," states "policy wrongdoing," and shows that "each defendant [has] acted under color of state law." (Objection, Doc. 10.) This conclusory objection is not well taken. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). In any event, the Court agrees with the Magistrate Judge's well-reasoned conclusion that the Amended Complaint only offers vague and conclusory allegations as to the City of Cincinnati's policy or custom. (*See* Am. Compl., Doc. 6; Supp. Report and Recommendation, Doc. 7.) "A mere conclusory allegation that a municipality employs an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient." *Finnell v. Eppans*, No. 1:20-CV-337, 2020 WL 3548200, at *3 (S.D. Ohio June 15, 2020), *report and recommendation adopted*, No. 1:20-CV-337, 2020 WL 3545288 (S.D. Ohio June 30, 2020) (quotation omitted). Plaintiff's objection is therefore overruled.

Plaintiff did not file any objections to the Report and Recommendation in which the Magistrate Judge recommended granting the Defendants' Motion to Dismiss. (Report and Recommendation, Doc. 16). A copy of this Report and Recommendation was mailed to Plaintiff, but it was retuned as undeliverable. (*See* Mailing, Doc. 19.) A party bears the burden of notifying the Court of any changes to his mailing address. *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012). Plaintiff was specifically apprised of this duty to "inform

the Court promptly of any changes in [his] address which may occur during the pendency of this lawsuit." (*See* Order, Doc. 2, Pg. ID 85.) Therefore, the Report and Recommendation is ripe for review. *See, e.g., Lester v. Castleberry*, No. 24-11785, 2024 WL 4713828, at *2 (E.D. Mich. Nov. 7, 2024) (explaining that Report and Recommendation's return as undeliverable did not excuse party's failure to respond).

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. The Court finds that Plaintiff's Objections (Doc. 10) are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** the Supplemental Report and Recommendation (Doc. 7) and Report and Recommendation (Doc. 16) in their entirety and **ORDERS** the following:

1) For the reasons explained in the Supplemental Report and Recommendation (Doc. 7), the Court **DISMISSES** all claims against all Defendants, except for Defendants Christopher Wermuth, Emily Ward, Dustin Pect, and Elsa Esser in their individual capacities, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B);

2) For the reasons explained in the Report and Recommendation (Doc. 16), the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 13). The Court **DISMISSES** the claims against Defendants Christopher Wermuth, Emily Ward, Dustin Pect, and Elsa Esser in their individual capacities; and

3) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND